IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

MELVIN JOHNSON,  )
　　　　　　　　　　　　　　　)
   Petitioner,  ) CASE NOS. 3:14-CR-00210-JO-02
　　　　　　　　　　　　　　　)       3:15-CV-01455-JO
 v.  )
　　　　　　　　　　　　　　　) OPINION AND ORDER
UNITED STATES OF AMERICA  )
　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　)
   Respondent.  )

JONES, Judge:

 Melvin Johnson filed a motion to dismiss for lack of subject matter jurisdiction (# 105), which I construe as a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed in *United States v. Johnson,* case No. 3:14-CR-00210-JO-02. Upon careful review of the record, I conclude Johnson's claim for relief lacks merit and an evidentiary hearing is unnecessary because Johnson alleges no facts that would entitle him to relief. For the reasons set forth below, Johnson's § 2255 motion is DENIED.

## BACKGROUND

 Johnson stipulated to the following facts in his plea agreement and plea petition. (# 60) During all times relevant to this matter, Johnson was serving life sentences on three counts of first-degree murder. Beginning on or about April 2, 2005 and extending through October, 2012, Johnson gathered personal identifying information of fellow inmates and other third parties. He then conveyed this identifying information to his wife and codefendant, Loretta Johnson, and

1- OPINION AND ORDER

instructed her to file fraudulent tax returns and claim unwarranted income tax refunds. Over this period, Loretta Johnson filed approximately 124 such returns falsely claiming $359,828 in refunds. Loretta Johnson actually received refunds totaling $174,411 from the Internal Revenue Service that she deposited in bank accounts she or Johnson controlled.

On September 16, 2014, Johnson pled guilty to Count 1 of the Indictment: Conspiracy to Defraud the United States with Respect to Claims, in violation of 18 U.S.C. § 286. Johnson entered a plea pursuant to a plea agreement, in which he waived most of his appellate rights and any collateral attacks on the conviction or sentence.

I sentenced Johnson to 37 months of imprisonment on January 22, 2015, and imposed an order of restitution in the amount of $174,411. On July 28, 2015, Johnson filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction, which the clerk received and docketed as a Motion to Vacate or Set Aside the Sentence under 28 U.S.C. § 2255.

## LEGAL STANDARD

Under 28 U.S.C. § 2255, a federal prisoner may claim the right to be released on the ground that the sentencing court lacked jurisdiction to impose sentence. The court is authorized to grant a hearing on a motion under Section 2255, unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.

## DISCUSSION

Johnson argues the court lacks subject matter jurisdiction, because the indictment cites the Statutes at Large rather than 18 U.S.C. § 286. This argument fails because the government properly referred to the United States Code in the indictment. Additionally, even had the government cited the wrong version of the statute, this error would not deprive the court of subject matter jurisdiction.

2- OPINION AND ORDER

First, 18 U.S.C. § 286 is a valid law of the United States, and it represents the proper citation for the indictment at hand. The Statutes at Large specifically states that "Title 18 of the United States Code, entitled 'Crimes and Criminal Procedure', is hereby revised, codified, and enacted into positive law, and may be cited as 'Title 18, U.S.C. § __' . . .". In other words, the United States Statutes at Large explicitly states that the citation may be written as "18 U.S.C. § 286." Because Title 18 of the United States Code was enacted into positive law, citation to the Statutes at Large and to the United States Code is equally proper. As the Government elucidates, "a law of the United States does not cease to be a law of the United States simply because it is published and cited in more than one place." Gov. Resp. to § 2255 Mot. (# 109 at 3).

Second, even if the government had made a citation error or omission in the indictment, this error would not be a valid ground to dismiss for lack of subject matter jurisdiction. Defects in an indictment do not deprive a court of its subject matter jurisdiction. *See United States v. Cotton*, 535 U.S. 625, 630 (2002) ("defects in an indictment do not deprive a court of its power to adjudicate a case."); *United States v. Williams*, 341 U.S. 58 (1951) (ruling "that the indictment is defective does not affect the jurisdiction of the trial court to determine the case presented by the indictment"); *Lamar v. United States*, 240 U.S. 60 (1916) (an "objection that an indictment does not charge a crime against the United States goes only to the merits of the case."). The Ninth Circuit has similarly held that an indictment need not cite the controlling statute. In *United States v. Vroman*, for example, the court concluded that the indictment provided the defendant with sufficient notice of the charges against him, even though the wrong statute was cited. As stated by the court, "[c]orrect citation to the relevant statute, though always desirable, is not fatal if omitted." *Vroman*, 975 F.2d 669, 671 (9th Cir. 1992).

3- OPINION AND ORDER

Furthermore, the Federal Rules of Criminal Procedure provide: "Unless the defendant was misled and thereby prejudiced, neither an error in a citation nor a citation's omission is a ground to dismiss the indictment or information or to reverse a conviction." Fed. R. Crim. P. 7. Our law does not consider the statute to be part of the indictment. So long as the charges are governed by some statute in force, it does not matter what statute, if any, is cited in the indictment. *Williams v. United States*, 168 U.S. 382, 289 (1897); *United States v. Hutcheson*, 312 U.S. 219, 229 (1941). Thus, even had Johnson been correct in alleging that the indictment should have cited the Statutes at Large rather than the United States Code, this error would not be a valid ground for dismissal. In the case at hand, however, Johnson's motion to dismiss can be denied on more narrow grounds, because no citation error was present in the indictment.

## CONCLUSION

Construing the § 2255 motion in a manner most favorable to the *pro se* petitioner, the motion and the files and records of the case conclusively show that prisoner is entitled to no relief. The court had subject matter jurisdiction in this case. Accordingly, the motion (# 105) is DENIED. Pending motions, if any, are DENIED AS MOOT.

The court declines to issue a certificate of appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. §2253 (c)(2).

IT IS SO ORDERED.

DATED this 16th day of September, 2015.

Robert E. Jones
Senior District Court Judge

4- OPINION AND ORDER