IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> MELVIN JOHNSON, <br><br> Defendant. | Case No.: 3:14-cr-00210-AN <br><br> OPINION AND ORDER |

On March 20, 2023, *pro se* defendant Melvin Johnson filed this Motion to Vacate or Correct Sentence Under 28 U.S.C. § 2255. This is defendant's second § 2255 motion. On April 7, 2023, defendant also filed a Motion for Order for Certified Copies. The government responded in opposition to defendant's § 2255 motion on May 30, 2023. Defendant filed a reply on June 26, 2023. The government was granted leave to file a sur-reply, which was filed on July 7, 2023. For the reasons set forth below, defendant's Motion to Vacate or Correct Sentence Under 28 U.S.C. § 2255 is DENIED, and defendant's Motion for Order for Certified Copies is DENIED as moot.

## LEGAL STANDARD

A federal prisoner may move the court that imposed their sentence to vacate, set aside, or correct the sentence imposed on three bases: (1) "[T]he court was without jurisdiction to impose such sentence," (2) "the sentence was in excess of the maximum authorized by law," or (3) the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Relief is warranted under a § 2255 motion if the defendant shows that a constitutional error occurred that "had substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993).

A defendant's ability to file a second or successive § 2255 motion is limited in the following way:

> "A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—

1

"(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

"(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

28 U.S.C. § 2255(h)(1)-(2).

## BACKGROUND

On September 16, 2014, defendant pled guilty to Conspiracy to Defraud the United States with Respect to Claims. Plea Pet. & Order, ECF [60], at ¶¶ 24-25. The charge arose from a five-and-a-half year long conspiracy involving a stolen identify refund fraud scheme that defendant participated in while serving life sentences in Washington for three counts of first-degree murder. Govt.'s Resp. to Def.'s Mot. to Vacate ("Govt.'s Resp."), ECF [179], at 2. Per defendant's plea agreement, he waived the right to appeal or "file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2)." Plea Offer, ECF [59], at ¶ 11.

On January 22, 2015, defendant was sentenced to thirty-seven months in prison, to be served consecutively with the life sentences he was already serving, and continues to serve, imposed from his state criminal convictions. J. & Commitment, ECF [93], at 2. At sentencing, defendant's advisory sentencing guideline range was calculated based on a Criminal History Category of IV. Govt.'s Resp. 3. His criminal history calculation was based on: (1) three points for Assault I in Pierce County Superior Court, Washington, case no. 90-1-01383-1; (2) three points for Murder I (three counts) in King County Superior Court, Washington, case no. 2-1-04644-1; and (3) two points for committing the instant offense while serving a sentence of imprisonment for the murder convictions pursuant to USSG § 4A1.1(d). *Id.*

On July 28, 2015, defendant filed a § 2255 motion challenging the court's subject matter jurisdiction. Def.'s Mot. to Vacate or Correct Sentence Under 28 U.S.C. § 2255, ECF [105]. The Court denied that motion on the merits. Op. & Order, ECF [116]. Defendant subsequently filed two additional motions for relief in 2015, both of which the Court denied. Def.'s Mot. for Relief Under the Uniform Commercial Code, ECF [130]; Op. & Order, ECF [131]; Def.'s Mot. for Relief and Supporting Docs., ECF

2

[133]; Order, ECF [134]. Defendant now brings a second 28 U.S.C. § 2255 motion, requesting that his sentence be vacated because he alleges his sentence was enhanced based on prior Washington state convictions that have since been vacated.

## DISCUSSION

Defendant's § 2255 motion seeks a vacatur of his sentence, arguing that it was imposed in violation of the law because it erroneously enhanced his criminal history score based on state convictions that have since been vacated. Specifically, defendant identifies two of his state convictions that have been vacated under *State v. Blake*, 481 P.3d 521, 524 (Wash. 2021) and *Nelson v. Colorado*, 137 S. Ct. 1249, 1252 (2017): (1) King County Superior Court case No. 88-1-04053-9, a conviction for possession of heroin; and (2) King County Superior Court case no. 95-C-07354-5, a conviction for possession of cocaine. Additionally, defendant's Motion for Certified Copies seeks certified copies[1] of (1) the presentence investigative report, (2) the plea agreement, (3) the Judgment & Commitment order, (4) all documents of prior state convictions related to defendant's federal conviction, and (5) the federal sentencing guideline charted used by Judge Robert Jones.

**A.    Motion to Vacate or Set Aside Sentence**

As an initial matter, the government concedes two points: (1) defendant's motion is timely because it was filed within one year of the vacatur of two of defendant's prior convictions; and (2) defendant's motion is not a "second or successive motion" within the meaning of 28 U.S.C. § 2255(h) because, at the time defendant's first motion was filed, the claim raised in his second motion was not ripe for resolution. *See Panetti v. Quarterman*, 551 U.S. 930, 944-46 (2007). However, the government raises three bases for denying defendant's motion: (1) defendant's motion is barred by the collateral attack waiver in his plea agreement; (2) defendant's motion is barred by procedural default; and (3) even if defendant's

---

[1] The motion requested certified copies of "(PSI) Presentence Investigative Report w/Plea and Sentence and All Documents of prior STATE convictions in the above matter" and "Federal Sentencing Guideline Chart used by U.S. District Judge Robert Jones." The Court infers which documents defendant is requesting from this language.

motion is not procedurally barred, any error is harmless. Because the Court finds the collateral attack waiver provision applicable, only this basis is analyzed.

As noted above, defendant's plea agreement contained the following waiver: "Defendant knowingly and voluntarily . . . waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2)." Generally, a defendant can waive his right to collaterally attack his plea or sentence. *United States v. Rodriguez*, 49 F.4th 1205, 1211-12 (9th Cir. 2022). A waiver is enforceable if (1) "the language of the waiver encompasses [the defendant's] right to appeal on the grounds raised" and (2) "the waiver is knowingly and voluntarily made." *Davies v. Benov*, 856 F.3d 1243, 1246 (9th Cir. 2017) (internal quotation marks omitted).

On the face of defendant's motion, he provides no argument or evidence that the waiver does not encompass his present grounds for relief, or that the waiver was not knowingly and voluntarily made. However, in his reply, defendant asserts that he entered into the plea agreement while receiving ineffective assistance of counsel. This argument would go to whether his waiver was knowingly made. *See Rodriguez*, 49 F.4th at 1212.

1.  *Ineffective Assistance of Counsel Claim*

In making this ineffective assistance of counsel claim, defendant is raising a new claim that would effectively invalidate his plea agreement. To the extent defendant is raising this claim as an alternative basis for his § 2255 motion, this Court need not address arguments raised for the first time in a reply brief. *See Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994) (holding that additional claims should be presented "in an amended petition or . . . a statement of additional grounds"). However, whereas here the government was provided with an opportunity to respond to this additional claim in a sur-reply, the Court will consider defendant's new grounds for relief. *See id.* (noting that state did not have opportunity to respond to additional habeas claim raised in traverse).

Defendant has never raised an ineffective assistance of counsel claim before—not in his

first § 2255 motion in 2015, not in his two additional motions filed in 2015, nor in the § 2255 motion presently before the Court. That is, defendant is raising an ineffective assistance of counsel claim for the first time since his judgment became final in 2015. The statute of limitations to bring a § 2255 motion is one year. 28 U.S.C. § 2255(f). The statute of limitations begins from one of four dates: (1) the date that the judgment of conviction becomes final; (2) the date that "the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed" if the governmental action prevented the movant from making a motion; (3) the date that "the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review"; or (4) the date that "the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(1)-(4).

    Defendant does not allege that unconstitutional governmental action impeded him from bringing an ineffective assistance of counsel claim. Nor is the right to effective assistance of counsel a right that has been "newly recognized by the Supreme Court." Thus, the one-year statute of limitations for this claim began on the date that defendant's judgment of conviction became final, unless defendant provides evidence of new facts that arose in the past year that support the claim and could not have been discovered through the exercise of due diligence.

    Defendant argues that he received ineffective assistance of counsel because he "was never made aware of PSI Report or any other discovery" and because his attorney "only coerce[d] [him] to sign a plea bargain." Def.'s Reply to Govt.'s Resp., ECF [180], at 1-2. He further argues that he "only s[aw] [his] attorney 4 times at Court and to sign deal papers, less than a total of 3 hours." *Id.* at 2. These allegations do not reference any information or facts that were not already known to defendant at the time his judgment of conviction became final. Thus, the one-year statute of limitations began on January 23, 2015, when defendant's judgment of conviction became final, and ended on January 23, 2016. Therefore, this claim is time-barred.

    To the extent defendant seeks to assert this ineffective assistance of counsel claim as an

5

amendment to his current § 2255 motion or his prior § 2255 motion, it does not "relate back" to the claims asserted in either § 2255 motion. *See* Fed. R. Civ. Pro. 15(c)(1)(B) (describing an amendment that relates back as a claim "that arose out of the conduct, transgression, or occurrences set out—or attempted to be set out—in the original pleading"). In the habeas context, an amended petition relates back when it is "tied to a common core of operative facts." *Mayle v. Felix*, 545 U.S. 644, 664 (2005). However, an amended habeas petition does not relate back "when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Id.* at 650. Here, defendant's ineffective assistance of counsel claim arises from facts wholly unrelated both to his current § 2255 motion, which is based on the vacatur of some of defendant's state court convictions that occurred in 2022, and defendant's past § 2255 motion, which was based on jurisdictional issues. Therefore, defendant's ineffective assistance of counsel claim cannot be related back to any timely § 2255 motion.

Because defendant's ineffective assistance of counsel claim is untimely and does not relate back to a timely § 2255 motion, this claim is DENIED.

2. *Vacatur of State Convictions Claim*

Defendant has offered no viable argument or evidence that would render the collateral attack waiver provision in his plea agreement is inapplicable. Nor do his claims fall under the exceptions outlined in the provision. *See* 18 U.S.C. § 3582(c)(2) (permitting motion to reduce term of imprisonment if sentencing range is subsequently lowered by Sentencing Commission); Fed. R. Crim. P. 33 (permitting motion for new trial if interest of justice so requires). Therefore, defendant's § 2255 motion must be DENIED. *See United States v. Abarca*, 985 F.2d 1012, 1013-14 (9th Cir. 1993) (holding that waiver of right to appeal sentencing issues in plea agreement barred defendant's § 2255 claim that he was entitled to resentencing based on newly discovered exculpatory evidence); *see also United States v. McTiernan*, 552 F. App'x 749, 650 (9th Cir. 2014) (unpublished) (holding that unambiguous collateral attack waiver provision in plea agreement barred defendant from bringing § 2255 claims other than ineffective assistance of counsel).

B.      **Evidentiary Hearing**

Generally, an evidentiary hearing is necessary for § 2255 motions. 28 U.S.C. § 2255(b). However, a hearing is not required if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *Id.*; *see Baumann v. United States*, 692 F.2d 565, 570-71 (9th Cir. 1982) (noting that a hearing is mandatory only when "record does not affirmatively manifest the factual or legal invalidity of the petitioner's claims"). Here, the record reflects that defendant knowingly and intelligently waived his right to collaterally attack his sentence except in limited circumstances not raised in his present motion. On this basis alone, he is entitled to no relief.

However, even on the merits of defendant's motion, he is not entitled to relief. Of the two convictions that were vacated in 2022, only the conviction from Case No. 88-1-04053-9 was referenced in the presentence investigation report. This conviction was assigned a criminal history score of zero. Thus, this conviction did not impact defendant's total criminal history score and was not used to enhance his sentence. Any error from including this conviction was harmless and cannot be a basis for relief. *Butler v. Curry*, 528 F.3d 624, 648 (9th Cir. 2008) (applying harmless error test to determine if error "had a substantial and injurious effect on [defendant's] sentence" (internal quotation marks omitted)). Therefore, an evidentiary hearing is not warranted because defendant's motion and the case record "conclusively show that [defendant] is entitled to no relief." 28 U.S.C. § 2255(b).

## CONCLUSION

Accordingly, defendant's Motion to Vacate or Correct Sentence Under 28 U.S.C. § 2255, ECF [169], is DENIED. All pending motions are DENIED as moot.

The Court declines to issue a certificate of appealability because defendant has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(1)(B).

IT IS SO ORDERED.

DATED this 19th day of October, 2023.

Adrienne Nelson
United States District Judge